IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THOMAS JOHNSON                                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO.4:05CV250-WAP-JAD

MDOC, MARYLEN REECE STURDIVANT
AND ADRIENNE CROFT                                                                           DEFENDANTS

REPORT AND RECOMMENDATION

The undersigned held an evidentiary hearing in this § 1983 action on September 10, 2008. Thomas Johnson alleged that Adrienne Croft, a corrections officer, issued a Rules Violation Report # 635994 for violation of Rule 18 for refusal to work in field operations. It is alleged that Johnson had no notice of the RVR until after discipline was imposed against him. The other defendant Marylen Reece Sturdivant is accused of improperly assessing punishment against him and failing to provide relief to him in the first step of the Administrative Remedies Program. Johnson commenced this action while incarcerated but has since been released.

The plaintiff made an oral motion for the entry of a default judgment against Adrienne Croft. Croft's acknowledgment of receipt of the summons and complaint was filed with the court on February 23, 2008. She has not filed any answer to the complaint or otherwise entered any appearance since that time. On May 5, 2008 the plaintiff filed his motion for entry of default against Croft. The default was entered the same day and a copy sent to the defendant. The plaintiff's motion for entry of default judgment against Adrienne Croft is well taken and should be granted.

Marylen Reece Sturdivant testified that she processed Johnson's RVR as a normal part of her job. It was her job at that time to handle the rules violation reports where hearings were waived.

MDOC procedure requires the initials of two officers when an inmate refuses to sign an RVR. Johnson's RVR has what appears to be the initials of two corrections officers. The RVR indicates on its face that the right to a hearing, investigation and witnesses was waived. Because the paperwork appeared to be in order she processed the RVR and imposed suspension of phone and canteen privileges.[1] She also denied the first step under the administrative remedies program.

Johnson testified that he was classified as a camp supporter and that he was never classified to work in field operations. He says his cell mate who was classified for field operations began to refuse to work as he neared his time for release. Johnson refused Croft's orders to report to field operations since he was not supposed to work there. Even though it is a violation of procedures to issue an RVR without ascertaining the inmate's identity, mistaken identity apparently played some part in the issuance of the RVRs. This RVR was part of a series of RVR issued to him by Croft. The other RVRs were disposed of by a lieutenant since Johnson had done nothing wrong. The undersigned finds Johnson's testimony to be very credible in all its particulars. It appears from the evidence that Croft issued this RVR, indicated that Johnson waived the hearing and investigation and refused to sign the RVR, all without Johnson's knowledge. The undersigned concludes that Croft acted in retaliation for his contesting the earlier RVRs.

The undersigned further finds that Sturdivant acted in accordance with MDOC regulations and without knowledge of the actions of Croft. She has not engaged in any misconduct and has no

---

[1] The defense raised failure to exhaust the administrative remedies. Sturdivant-Reece denied the initial step in the administrative remedies program. She did not ask the officers whether they had in fact initialed the RVR. The exhibit indicates that Larry Hardy denied the second step as being untimely because it was not submitted in a timely manner. Johnson testified that he submitted the second step ARP process in a timely manner but that the officer failed to pick it up. The undersigned credits Johnson's testimony and finds that the defendant has failed to establish this affirmative defense.

liability to Johnson. Further her actions in denying relief to Johnson under the administrative remedies program cannot be the basis for any § 1983 action. *Geiger v. Gowers,* 404 F. 3d 371, 374(5th Cir. 2005). *Bradford v. Kuykendall*, 2005 WL 1521016, 5 (E. D. Tex.)

It appears that Johnson does not have a due process liberty interest in avoiding the punishments imposed upon him under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *Sandin* appears to prohibit federal review of the results of disciplinary hearings involving punishments that do not extend the period of incarceration, but *Sandin* and its progeny within this circuit have made this prohibition against a backdrop of prison policy and practice that provides some due process. The undersigned is troubled however that this corrections officer deprived Johnson of the due process provided by the policies and procedures of the Mississippi Department of Corrections by falsifying the records. Crediting Johson's testimony, as the undersigned does, he got no notice of the RVR, no notice of a hearing, no right to be heard and was ultimately punished for something he did not do. While *Sandin* appears to deprive Johnson of a remedy, there is a very real difference between refusing to allow challenges to the results of disciplinary hearings for every *de minimus* discipline imposed, and allowing a correction officer to deprive an inmate of any process. The facts would support a claim for retaliation but the complaint does not appear to articulate such a claim. It is the policy and practice of the Mississippi Department of Corrections to in fact provide due process to its inmates before imposition of the punishments imposed on Johnson. In keeping with that policy and the actions of Croft in thwarting that policy, the undersigned recommends that this rules violation report, number 635994, be expunged from the record of Thomas Johnson.

The only remaining question is the assessment of damages on the default judgment against Croft. While Johnson has now been released from custody, this action was commenced while he was an inmate. His damages in this action are therefore subject to the limitation on damages contained in 42 U.S.C. § 1997e(e). As Johnson has not alleged any physical injury he cannot be compensated for any mental or emotional injury. While RVRs can impact classification and therefore the conditions of confinement, in Johnson's case the RVR did not in fact trigger a reclassification or movement to less favorable facilities. Johnson may only be awarded nominal damages. While it has been traditional to award nominal damages of one dollar the amount that can properly be called nominal now covers a wider range of damages. *Williams v. Kaufman County*, 352 F.3d 994(5th Cir. 2003)(upholding an award of $100.00 as nominal damages). The undersigned recommends that the court enter a judgment in Johnson's favor in the amount of $ 100.00 against Croft, plus all costs of court.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 29th day of October, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE